LOUISA PHERSON v. G. W. YOUNG, *as Mayor of the City of Newton, et al., etc.*

No. 13,723. (77 Pac. 693.)

SYLLABUS BY THE COURT.

CITIES AND CITY OFFICERS—*Mandamus to Compel Tax Levy to Pay Judgment.* The failure of a city to levy a tax for the payment of a judgment at the first opportunity after its rendition does not necessarily give occasion for the issuance of a peremptory writ of mandamus to compel such levy, where proceedings in error to review the judgment have been brought in good faith and without unnecessary delay, although no stay bond has been given.

Original proceeding in mandamus. Opinion filed July 7, 1904. Writ denied.

*Cyrus S. Bowman,* for plaintiff.

*B. H. Turner,* for defendants.

The opinion of the court was delivered by

MASON, J.: This is an original proceeding in mandamus, brought to compel the levy of a tax to pay a judgment against the city of Newton, a city of the second class, for damages occasioned by a defective sidewalk. The judgment was rendered March 26, 1903. Without any unreasonable delay the city prosecuted error to this court, where a decision of affirmance has just been made. (*Newton v. Pherson,* post, 77 Pac. 1134.) The questions presented upon review, however, were substantial and not such as to suggest that the plaintiff in error was merely seeking delay. No undertaking was given by the city to stay the execution of the judgment, and the plaintiff demanded that provision for its payment be made at the time of the tax levy of 1903. The demand being refused, this proceeding was begun.

It is true that the filing of a petition in error by the city, no stay bond being given, did not suspend the enforcement of the judgment. Such is the ordinary rule, and the statute makes no exception in favor of cities of the second class. Therefore, plaintiff may be said to have had a legal right to immediate provision for the payment of her judgment. But the allowance of a peremptory writ of mandamus is largely a matter of discretion, even where, as in this case, it is sought as a substitute for an execution to enforce a judgment. (*Phelps v. Lodge*, 60 Kan. 122, 55 Pac. 840.)

There is not the same reason for requiring a supersedeas bond from a municipality as there is from other litigants. Ordinarily the plaintiff is reasonably sure of being able, in time, to collect a judgment against a public corporation, if it be sustained. At all events, the security is not likely to be impaired by the debtor's property's being conveyed away or dissipated. And there are obvious practical difficulties in the way of the municipality's procuring sureties on such a bond. These considerations, of course, do not affect the plaintiff's right to require that security be given if the enforcement of the judgment is to be suspended, but they may be taken into account by the court in determining, in the exercise of a sound discretion, whether a peremptory writ should be allowed at this time in aid of plaintiff's undeniable legal right. In *Tillson, jr., v. The Commissioners of Putnam County*, 19 Ohio, 415, a peremptory writ of mandamus to compel the levy of a tax to pay a judgment against a county was refused for the reason that the judgment had not been in existence a sufficient length of time to satisfy the court that the county

commissioners had "any desire to withhold payment unreasonably and improperly." The syllabus reads :

"A peremptory mandamus will not be awarded to compel the commissioners of a county to levy a tax for the satisfaction of a judgment when there has been no unreasonable or vexatious delay."

Other matters are set out in the answer in excuse of the failure of the city to make the levy, which have been examined and found insufficient. But on account of the pendency until now of the original cause in this court, no peremptory writ will be allowed upon the present application.

All the Justices concurring.